IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

RICHARD PERCIVAL,            §
     PLAINTIFF,            §
                 §
VS.            §            CIVIL ACTION NO. 4:06-CV-382-BE
                 §
AMERICAN HOME MORTGAGE CORP.,            §
d/b/a AMERICAN BROKERS CONDUIT,            §
     DEFENDANT.            §

<u>OPINION AND ORDER ON DEFENDANT'S MOTION TO DISMISS</u>

Pending before the Court is Defendant's Motion to Dismiss the Third, Fourth, and Fifth

Causes of Action from the First Amended Complaint [doc. #14], filed July 27, 2006.  Defendant

American Home Mortgage Corporation asks the Court to dismiss the third, fourth, and fifth causes

of action stated in plaintiff Richard Percival's First Amended Complaint for failure to state a claim

upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  Having reviewed the motion,

response, and reply, the Court concludes that the motion should be granted with respect to Percival's

third cause of action, but denied with respect to his fourth and fifth causes of action.

I. PROCEDURAL HISTORY AND BACKGROUND[1]

Richard Percival purchased a home in Grand Prairie, Texas in 1998 with financing provided

by Chase Home Finance.  In 2004, Percival arranged to refinance his existing home loan through

American Home Mortgage Corporation (AHM).  AHM agreed to finance the principal amount of

$136,1000 for a period of thirty years with an annual percentage rate of five percent, and in

exchange, Percival agreed to give AHM a security interest in the property.  The loan closed on

January 12, 2005, and at the closing, Percival was given a notice of his right to cancel the loan by

---

[1]     The factual allegations are taken from the plaintiff's complaint and are assumed to be true for purposes of
a motion to dismiss under Rule 12(b)(6). *Campbell v. Wells Fargo Bank,* 781 F.2d 440, 442 (5th Cir. 1986).

notifying AHM on or before January 15, 2005.  Percival executed the cancellation notice on January 14, 2005, and sent it by certified mail to AHM, which received the notice on January 18, 2005.  Percival heard nothing from AHM regarding his cancellation notice, but in late January 2005, he received a statement from Chase Home Finance that his loan with the company had been paid off.  Percival alleges he wrote several letters and made numerous telephone calls to AHM inquiring why they had not honored his notice of rescission and canceled the loan.  On January 11, 2006, AHM contacted Percival to advise him that he was in default and that the loan would be accelerated and his home would be the subject of foreclosure if he did not cure the default.

Percival filed suit against AHM in state court on May 2, 2006, and AHM timely removed the action to federal court based on diversity and federal question jurisdiction.  In his first amended complaint, Percival has asserted five causes of action.  The first cause of action is one for declaratory judgment; the second cause of action is for disgorgement of finance charges and other charges Percival has paid; the third cause of action is a claim for damages under the Truth in Lending Act (TILA), 15 U.S.C. § 1640; the fourth cause of action is for unfair debt collection practices in violation of state law; and the fifth cause of action asserts a violation of the Texas Deceptive Trade Practice Act, codified in the Texas Business and Commerce Code at Section 17.01 *et seq*.  AHM asserts that Percival's third, fourth, and fifth causes of action are subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.  STANDARD OF REVIEW

A motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted.  *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).  *See generally* FED. R. CIV. P. 12(b)(6).  The court must accept as true all well pleaded, non-

conclusory allegations in the complaint, and must liberally construe the complaint in favor of the plaintiff. *Lowrey v. Texas A &M Univ. Sys.*, 117 F.3d 242, 246-247 (5th Cir. 1997); *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986). However, conclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as factual allegations will not suffice to prevent the granting of a motion to dismiss. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993); *Spiller v. City of Texas City, Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997); *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974). A court should not dismiss a complaint for failure to state a claim unless it appears beyond doubt from the face of the plaintiff's pleadings that he can prove no set of facts in support of his claim that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Garrett v. Commonwealth Mortgage Corp.*, 938 F.2d 592, 594 (5th Cir. 1991); *Kaiser Aluminum*, 677 F.2d at 1050.

## III. DISCUSSION

A.      Third Cause of Action:  TILA

Percival contends that AHM is liable under 15 U.S.C. § 1640 for failing to honor Percival's notice of rescission, but AHM asserts that this cause of action is time-barred. Having reviewed the arguments of the parties and the authorities cited, the court agrees with AHM that Percival's cause of action under the TILA is barred by the statute of limitations.

Percival exercised his statutory three-day right to cancel[2] by forwarding notice to AHM, which was received on January 18, 2005. *See generally* 15 U.S.C. § 1635(a) (outlining procedure

---

[2]There is also an extended three-year right to rescind a consumer credit transaction, which applies when the creditor has not provided the consumer with the appropriate information, forms, and disclosures required by the TILA. *See* 15 U.S.C. § 1635(a), (f). This separate right of rescission is not the subject of Percival's complaint.

for rescission of certain consumer credit transactions involving security interest in consumer's principal residence).   Under the TILA, the creditor must act on the notice of rescission within twenty days of receiving notice, i.e., by February  7, 2005, in the instant case.  15 U.S.C. § 1635(b). A cause of action for failure to comply with requirements of the TILA may be brought in a federal district court, or other court of competent jurisdiction, within one year from the date of the occurrence of the violation.  15 U.S.C. § 1640(e).

AHM asserts that the occurrence at issue is its failure to honor the notice of rescission, and thus, Percival's claim is untimely because he did not file suit until May 2006, approximately sixteen months after his TILA cause of action accrued.  Percival argues that a "continuing violation" theory applies and renders his complaint timely in light of AHM's persistent failure to respond to his inquiries and his efforts to reurge his notice of rescission through telephone calls and letters he sent as recently as January 2006.[3]

AHM cites Fifth Circuit authority and similar holdings from other circuits for the proposition that a creditor's failure to meet the disclosure requirements of the TILA "occurs" and the limitations period begins to run when the contractual relationship is created, and the creditor's nondisclosure thereafter does not state a continuing violation for purposes of the statute of limitations.[4]  *See Moor*

---

[3]  As a threshold matter, AHM urges that the limitations period is a jurisdictional requirement not subject to tolling.  AHM relies on *Hardin v. City Title & Escrow Co.*, 797 F.2d 1039 (D.C. Cir. 1986) and *Baldwin v. Laurel Ford Lincoln-Mercury, Inc.*, 32 F.Supp.2d 894 (S.D. Miss. 1998), .  The Fifth Circuit has not specifically addressed whether the TILA limitations period is jurisdictional; however, the Fifth Circuit has considered whether equitable tolling was appropriate in a case brought pursuant to the TILA, albeit not for claims involving a creditor's failure to properly respond to a TILA notice of rescission.  *See, e.g., Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633 (5th Cir. 1986).  AHM also acknowledges that several other circuits have found the TILA limitations period is subject to equitable tolling principles. *See Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 708 (11th Cir. 1998) *Ramadan v. Chase Manhattan Corp.*, 156 F.3d 499 (3rd Cir. 1998); *King v. California*, 784 F.2d 910 (9th Cir. 1986); *Jones v. TransOhio Sav. Ass'n*, 747 F.2d 1037 (6th Cir. 1984).  The court is not prohibited from considering the appropriateness of equitable tolling in a TILA case regardless of the circumstances.

[4]  The creditor's fraudulent concealment of material information or other extraordinary reasons may support equitable tolling, but Percival concedes that such circumstances do not exist in his case.

*v. Travelers Ins. Co.*, 784 F.2d 632, 633 (5th Cir. 1986); *King v. California*, 784 F.2d 910 (9th Cir.

1986); *In re Smith*, 737 F.2d 1549 (11th Cir. 1984).   AHM extrapolates from these cases that a cause

of action for a creditor's failure to comply with a timely notice of cancellation accrues when the

creditor fails to take action within the statutory twenty-day period, and the creditor's subsequent

failure to take corrective measures does not start the limitations period over and over ad infinitum.

Percival asserts that the cases AHM cites are distinguishable because they involve claims

that the creditor failed to disclose financing terms as required by the TILA, not claims of a creditor's

failure to honor a rescission notice.   Percival believes that each unrewarding contact he had with

AHM after he forwarded his initial cancellation notice renews the limitations period, but he cites no

authority to support that belief.   The court likewise finds no material distinction between a creditor's

unabated failure to act in the context of disclosure requirements and a creditor's unabated failure to

take action after a notice of rescission is received.   *Cf. McGregor v. Louisiana State Univ. Bd. of

Supervisors*, 3 F.3d 850, 867 (5th Cir. 1993)(noting that continuing violations in the form of

continuous unlawful acts must not be confused with a single violation followed by continuing

consequences).

Percival exercised his three-day right of cancellation by forwarding timely notice to AHM,

but AHM did not comply with the TILA by returning monies or property given and terminating its

security interest within twenty days of receiving Percival's notice.   *See generally* 15 U.S.C. §

1635(b).   Percival knew as early as late January 2005, when he received confirmation  from Chase

Home Finance that his previous loan was paid off, that AHM had not acted on his notice.   At the

latest, the limitations period was triggered when twenty days elapsed and AHM had failed to

properly respond to Percival's notice.   *See also Belini v. Washington Mut. Bank, FA*, 412 F.3d 17,

26 (1st Cir. 2005)(addressing complaint that creditor did not respond to rescission notice and finding that date violation occurred for purposes of one-year limitations period was likely the twentieth day after lender received notice). AHM's failure thereafter to honor the notice or even acknowledge that Percival had timely invoked his three-day right to rescind the transaction is not a continuing violation that would extend or toll the running of the one-year limitations period, nor do Percival's subsequent communications with AHM in which he followed-up on his request and reiterated his intent to rescind the agreement restart the running of the limitations period.[5] Percival's cause of action against AHM for violation of the TILA provision providing a consumer with a three-day right of rescission is barred by the statute of limitations.[6]

B.     Fourth Cause of Action:  Texas Debt Collection Act (TDCA)

In his fourth cause of action, Percival contends that AHM engaged in prohibited debt collection practices and made misleading representations that violate the TDCA. Tex. Fin. Code Ann. § 392.304 (Vernon 2006). Percival alleges that AHM misrepresented the character of a consumer debt when it notified Percival that he was in default and asserted an intent to exercise non-judicial foreclosure remedies under an invalid deed of trust.

AHM contends that Percival states no viable TDCA claim because he bases his claim on the unsupported belief that his notice of rescission automatically voided the loan and rendered the

---

[5]  The court is also not persuaded by Pervical's argument that Congress, by specifically limiting the recovery available for multiple violations of the disclosure requirements of the TILA, but not limiting the recovery available for multiple violations of the right of rescission, recognized that there could be multiple violations (and multiple recoveries) if a creditor ignores repeated requests for rescission.  *See* 15 U.S.C. § 1640(g) (providing for a single recovery in the event of multiple disclosure violations in connection with a single account).  Percival had a three-day right of cancellation, which he exercised and AHM allegedly ignored.  AHM's indifference with respect to Percival's subsequent efforts to enforce that right does not give rise to additional or discrete violations of the rescission provisions of the TILA.

[6]  Percival correctly notes that the statute of limitations does not bar a person from asserting a TILA violation as a matter of defense by recoupment or set-off in an action to collect a debt.  15 U.S.C. § 1640(e).  Percival, however, initiated this action.  AHM has not yet filed its answer or asserted any counterclaims that might invoke that exception.

security interest in his residence unenforceable.  AHM asserts that, unless or until the creditor acknowledges the cancellation notice as valid or an appropriate decision maker deems the notice to be valid, the debt and accompanying security interest remain in effect.  *See Yamamoto v. Bank of New York*, 329 F.3d 1167, 1172 (9th Cir. 2003)(finding that security interest becomes void only when consumer rescinds the transaction, and for contested case, this occurs when the right to rescind is determined in the borrower's favor); *Large v. Conseco Fin. Serv'g Corp.*, 292 F.3d 49, 54-55 (1st Cir. 2002)(finding that security interest becomes void when obligor exercises right to rescind that is available because creditor acknowledges that right or appropriate decision maker makes that determination).  AHM further asserts that Percival, by consistently disputing the validity of his mortgage with AHM even before AHM sent him a notice of default, could not have been defrauded, deceived, or misled by AHM's conduct.

The court cannot state with certainty that Percival can prove no set of facts in support of his TDCA claim that would entitle him to relief.  Percival should be given an opportunity to conduct discovery with respect to circumstances surrounding AHM's preparation and forwarding of the notice of default and foreclosure.  The court is also unpersuaded by AHM's arguments that it could not have committed an unfair debt collection practice because Percival already disputed the validity of the debt and security interest that AHM asserted.  AHM cites no authority to suggest that these circumstances necessarily preclude recovery under the TDCA for false statements or misrepresentations about the status of a debt and the threat of foreclosure.  The court declines to dismiss Percival's claims of unfair debt collection practices at this preliminary stage of the proceedings.

C.      Fifth Cause of Action:  Texas Deceptive Trade Practices Act (DTPA)

AHM concedes that Percival's ability to recover under the DTPA is contingent on his ability to plead a viable cause of action under the Texas Debt Collection Act. *See generally* Tex. Fin. Code Ann. § 392.404(a) (Vernon 2006). Accordingly, dismissal of Percival's DTPA claim is not appropriate for the same reasons dismissal is not appropriate with respect to Percival's cause of action under the Texas Debt Collection Act.

IV. ORDER

Defendant American Home Mortgage's Motion to Dismiss the Third Cause of Action from the First Amended Complaint is granted.  Defendant's Motion to Dismiss the Fourth and Fifth Causes of Action from the First Amended Complaint is denied.

SIGNED JANUARY 16, 2007.

      /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE